(No. 74-CV-18—)

DIANE SHEER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1975.*

DIANE SHEER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; HOWARD W. FELDMAN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of a criminal battery on February 2, 1974, at 11:15 a.m. at 38th & Caseyville Avenues, East St. Louis, Illinois. Diane Sheer seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," Ill. Rev. Stats., 1973, ch. 70, par. 71, *et seq.* (Hereafter referred to as the "Act".)

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant was a victim of a violent crime covered under the Act, to wit:

"Battery", Illinois Revised Statutes, 1973, Ch. 38, Par. 12-3.

2. A detailed summary of the facts and information considered by the Court is contained in an Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file is this matter and the facts as reported herein are incorporated in this opinion by reference.

3. That said crime occurred at 11:15 a.m. at 38th & Caseyville Avenues, East St. Louis, Illinois, at which time claimant was struck in the mouth by the assailant.

4. That said crime was reported to East St. Louis City Police promptly and claimant at all times has cooperated with law enforcement officials.

5. That the assailant, Alfonso Hughes, pled guilty to battery in St. Clair County on April 16, 1975.

6. Claimant, as indicated by the report of the Attorney General, did not provoke the incident nor is the incident a result of any wrongful conduct of the claimant.

7. Claimant is not a relative or a member of the same household as the assailant.

8. Claimant has suffered pecuniary loss in excess of $200 compensable by Section 74 of the Act, to wit:

Dental ........................................ $626
Hospital ...................................... 78
 -----
 $704

9. Claimant has not received nor is she entitled to any sums of money as a result of this injury which would be considered a set-off of any award.

10. Pursuant to Ill. Rev. Stat., 1973, Ch. 70, Par. 71, this Court must deduct the first $200 in expenses.

11. That the proof submitted in support of this claim satisfies all of the requirements of this Act and the claim is, therefore, compensable thereunder.

It Is Hereby Ordered that the sum of $504.00 be awarded Diane Sheer as a victim of a violent crime.